## Daniel B. Harrington v. Allen A. Fish and Another.

A deed is not invalid because of the description of the lands being in figures and well understood abbreviations.

A deed was executed and acknowledged in another State, conveying lands in this State. The certificate of the proper clerk was made and attached several years afterwards, certifying that the deed was executed and acknowledged according to the "*existing*" law of that State. Held a sufficient certificate to entitle the deed to record.

Where a deed was acknowledged before a Commissioner of Deeds of this State appointed for another State, and the certificate of acknowledgment has his signature and seal to it, it is sufficient, notwithstanding the certificate does not state that it was given under his hand and seal.

The deed of an assignee in bankruptcy, containing a copy of the decree declaring the bankruptcy, which decree recites the appointment of the assignee, is sufficient under the law of Congress which prescribes what the deed shall contain.

*Heard April 17th, 1861. Decided July 21st.*

Error to St. Clair Circuit, where the defendants in error recovered judgment in ejectment against plaintiff in error. The following is a copy of the bill of exceptions on which the case was argued in this Court:

"This cause being, on the 2d day of May, 1860, brought on for trial, the plaintiff offered in evidence a deed made by Seth Spencer and his wife to David B. Day and others, in which the premises, amongst others, were described as follows: 'All of the equal, undivided eight-ninth parts of the following pieces, parcels and sections of lands, situate lying and being in the State of Michigan, and known and described as follows, to wit: N. W. ¼ and E. ½ of S. W. ¼

and N. W. ¼ of S. W. ¼, section 17, township 2 N. range 1 E. 280 acres.

'S. E. ¼ section 26, township 3 N. range 2 E. 160 acres.
'N. E. ¼ section 35, township 3 N. range 2 E. 160 acres.
'E. ½ of N. W. ¼ and E. ½ of S. W. ¼ section 7, township 6 N. range 17 E., 160 acres.'

"Which deed was dated the 26th day of September, 1842, and appeared to have been acknowledged before Richard Gilmore, a justice of the peace in and for Onondaga county, in the State of New York, on the same day of the date of the deed. To this deed was attached a certificate duly signed and under seal, in the words and figures following, to wit:

"'*State of New York, Onondaga county Clerk's office.*—I, Victory J. Birdseye, clerk of said county, and of the County and Supreme Courts therein, which are courts of record, do hereby certify that R. Gilmore, Esq., whose name is subscribed to the certificate of the proof or acknowledgment of the annexed instrument, was, at the time of taking such proof or acknowledgment, a justice of the peace in and for said county, and duly authorized to take the same, and that I am well acquainted with his handwriting, and verily believe that the signature to said certificate is genuine.

"And I further certify, that the said instrument, and the acknowledgment and the certificate thereof, are executed and taken according to the existing laws of the State of New York.

'"[L.S.] In testimony whereof I have hereunto set my hand and affixed the seal of said county and courts at Syracuse, this 10th day of December, 1859.

V. J. BIRDSEYE, *Clerk.*'

"To the reading of such deed and certificate the defendant objected, for the reason:

"*First:* That the description of said premises is not sufficiently contained in said deed, the same being by

initials and marks indicating words, and not written at length.

" *Second:* That the certificate of the clerk, Birdseye, does not state that the said deed was executed and acknowledged according to the laws of the State of New York at the time said deed was executed and acknowledged, but the same was according to the existing laws of said State.

" These objections were overruled, and the deed and certificate were admitted in evidence, to which the defendant excepted.

" The plaintiff then offered in evidence another deed, purporting to be made by Charles F. Day and wife, to the plaintiffs, on which was endorsed a certificate of John Benson, a commissioner appointed by the Governor of the State of Michigan to take acknowledgment of deeds, &c., in the State of New Jersey, which certificate was of proper form, duly signed, and had annexed a seal with the words 'Jno. Benson, Commissioner, N. J.,' impressed thereon, but there was not any statement or words in the certificate otherwise showing that the same was executed under his hand and seal.

" To which the defendant objected, for the reason that the said certificate of said commissioner did not in any way state that said certificate was under his hand and seal.

" Which objection was overruled, and said deed and certificate were admitted, to which the defendant excepted.

" The plaintiff thereupon introduced and read in evidence duly certified copies of the proceedings had in the District Court of the United States for the district of New Jersey, in Bankruptcy, containing copies of the decree declaring David B. Day a bankrupt, and also an order appointing Lorenzo Jaques his assignee, and in connection therewith the plaintiffs offered to read in evidence a deed executed by said assignee to Susan R. Griggs and others, from whom the plaintiffs derive title. This deed recited and contained

a copy of the decree in bankruptcy, and contained at the conclusion thereof the words following : ' And it is furthermore ordered by this Court that the clerk certify and deliver a copy of this decree to Lorenzo Jaques, of the county of Hudson, this day appointed assignee of David B. Day, the said bankrupt:' and said deed did not contain any other recital or copy of any order or appointment of said assignee.

" To the reading of which deed in evidence the defendant objected, for that there was not any recital of, nor copy of any order appointing the grantor in said deed assignee of said bankrupt.

" Which objection was overruled, and said deed read in evidence, to which the defendant excepted.

" Other proofs were introduced in the case, showing the right of plaintiffs to recover if the above deeds were properly admitted in evidence, and the Court rendered a judgment in favor of the plaintiffs."

*D. C. Holbrook*, for plaintiff in error.

*W. T. Mitchell*, for defendant in error.

MARTIN CH. J.:

This is an action of ejectment brought by the defendants in error, upon the trial of which the deeds through which they deduce title were introduced under the statute, and without actual proof of their execution. The statute (*Comp. L.* § 2750) is as follows: "All conveyances and other instruments authorized by law to be recorded, and which shall be acknowledged or proved as provided in this chapter, * * * may be read in evidence in any court within this State without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony."

Three deeds were offered in evidence: 1st, one from Spencer and wife to Day; 2d, one from Day and wife to

HARRINGTON *v.* FISH.

defendants in error; and 3d, one from Jacques, assignee of Day, to Griggs and others, from whom the defendants in error claim to derive title. The first deed is dated September 26, 1842, but the date of the second and third are not given. The questions raised by the bill of exceptions in this case relate to the competency of the deeds as evidence.

The errors assigned upon the admission of the deed from Spencer to Day, are, *first*, for insufficiency of the description of the land; and *second*, for insufficiency of the clerk's certificate of its due execution and acknowledgment.

It is no objection to a deed that the description of lands thereby conveyed is in figures and abbreviations. This is a mode of description recognized and adopted by both the general and state governments in the sale of lands, is of common practice, and understood by every one; and there is no law requiring any more particular description than such as will give clear information of what premises are intended to be conveyed. We therefore think the description sufficient.

The second objection relates to the admission of the deed as evidence, without actual proof of its execution. The clerk's certificate, without which — as the deed was executed in another State — it would not be " authorized to be recorded," would unquestionably be good were it not for the word " existing " contained in it; but from the interval of time between the execution of the deed and the date of the certificate — which is December, 1859 — it is insisted that the word limits the certificate to the time of such date. Had the certificate been made at or near the time of the deed, no question would arise, nor would one were the word " existing ". stricken out; as in either case it would be construed as a certificate of the due and legal execution of the deed according to the laws of the State of New York as they existed at the

time of such execution. In my opinion, the occurrence of the word "existing" does not invalidate the certificate, or qualify its construction. I cannot presume that it was inserted as a word of limitation, especially as the clerk could not legally execute any except such as would establish the lawful execution of the deed: but rather that he attempted to comply with the law, and that the word was inadvertently used, or perhaps inadvertently retained in the certificate if a blank form was used; or regarded by the clerk as referring to the time when the deed was executed.

The certificate is not an essential part of the deed, nor necessary to its validity. It is only required to authorize its being recorded; and I think it more reasonable, instead of avoiding the registry for the ignorance or inadvertence of the certifying officer, to hold the word "existing" as immaterial, or understand it as though the word "then" preceded it. The certificate being no part of the deed, or of its execution, and not the act of the parties to the deed, should not be construed with technical nicety unless upon imperative necessity. It is *evidence* of the execution of the deed; and like all other evidence, should be reasonably construed. I therefore think the deed was properly admitted.

As to the deed from Day and wife to the defendants in error, the objection is founded upon the commissioner's certificate of acknowledgment, which the bill of exceptions says "had a seal annexed, with the words, 'John Benson, Commissioner, N. J.' impressed thereon, but there was not any statement or words in the certificate otherwise showing that the same was executed under his hand and seal." The certificate was in proper form, and duly signed by Benson, and the record avers that he was a commissioner of deeds for this State. The fact that it was executed under his hand and seal as clearly appears from the instrument as though he had declared it by the instrument. The very signature and seal would be necessary to attest such declaration, and their presence *is* such declaration. The statute

under which the commissioner derived his power prescribes no form of attestation, nor of seal, and was substantially complied with. In the case of this deed, as of the other, I think there is a substantial compliance with the statute; and I will not imperil a title by insisting upon technical nicety, or severe criticism of language. The form of an official certificate like this is immaterial in any but matters of substance. Until the Legislature prescribes a form, the rule of construction must be a liberal one, for the sake of the quiet and security of titles.

The deed from Jaques to Griggs was sufficient to convey such title as he acquired by the assignment, and is in compliance with the act of Congress respecting deeds by assignees in bankruptcy. Section 15 of that act is as follows: "A copy of any decree of bankruptcy, and the appointment of assignees as directed by the third section of this act, shall be recited in every deed of lands belonging to the bankrupt sold and conveyed by any assignees under and by virtue of this act; and that such recital, together with a certified copy of such order, shall be full and complete evidence both of the bankruptcy and assignment therein recited, and supersede the necessity of any other proof of such bankruptcy and assignment to validate the said deed; and all deeds containing such recital, and supported by such proof, shall be as effectual to pass the title of the bankrupt, of, in and to the lands therein mentioned and described, to the purchaser, as fully, to all intents and purposes, as if made by such bankrupt himself immediately before such order."

This section relates solely to the sufficiency of a deed containing the recitals, *first*, of a copy of the decree in bankruptcy; *second*, of the fact of the appointment of the assignee undertaking to convey; and if accompanied with a certified copy of the order making such appointment, is declared full and complete evidence of bankruptcy and assignment to validate the deed. The deed in question

contained a copy of such decree, and recited the appointment of Jaques as assignee, and was supported by certified copies of the decree and order appointing the assignee. This was both a substantial and literal compliance with the act, and the deed was properly admitted.

The judgment is affirmed, with costs.

CHRISTIANCY and CAMPBEEL JJ. concurred in the reasoning and conclusion of the Chief Justice concerning the deed in bankruptcy. Upon the other deeds they concurred in the result.

MANNING J.:

I see no error in the rulings of the Circuit Judge, and am therefore in favor of affirming the judgment.

*Judgment affirmed.*