As to jurisdiction: Morton v. Smith [Case No. 9,867]. As to right to relief to remove cloud upon title to land: Bunce v. Gallagher [Id. 2,-133]; Craft v. Merrill, 14 N. Y. 456.

---

## Case No. 9,867.

### MORTON v. SMITH.

[2 Dill. 316.] 1

Circuit Court, D. Nebraska. 1873.

EXECUTION SALE — REAL PROPERTY — DEFECTIVE ACKNOWLEDGMENTS—CONSTRUCTIVE NOTICE —LOCAL STATUTE CONSTRUED.

1. A levy upon real estate which is not sold for want of bidders does not render a subsequent sale of other land, on another execution, void.

2. Where a judgment is rendered upon service by publication only, a sale of land not attached, upon a general execution issued upon such judgment, is void.

3. Under the statutes of Nebraska in force in 1859, as to the acknowledgment and proof of conveyances of land, executed in another state, it was indispensable when these were not acknowledged before a commissioner appointed by the legal authorities of Nebraska, that the certifying officer should certify that the execution and acknowledgment is according to the laws of the state where the instrument is executed; and the record of a deed where this requirement is omitted does not operate as constructive notice of its existence.

[Cited in Prentice v. Duluth Storage & Forwarding Co., 7 C. C. A. 293, 58 Fed. 447.]

Bill in chancery [by William S. T. Morton] to quiet title to a certain tract of land near Omaha, containing twelve and sixty-seven-hundredths acres, and for partition. Neither party is in actual possession. Both parties claim under one Roswell G. Pierce. The plaintiff's title is derived under an execution sale made in November, 1869, upon a judgment in his favor against Pierce, rendered at the June term, 1860. The defendant [George R. Smith] claims title in two ways:. First, under an execution sale upon a judgment rendered by publication in an attachment suit by one Glass against Pierce; second, by conveyances from Pierce, independent of the judicial sale.

J. M. Woolworth, for plaintiff.
C. S. Chase, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. 1. The plaintiff's judgment against Pierce, and his execution sale thereunder, which was confirmed by the court, and followed by a sheriff's deed, gives him a title unless a better title is shown by the defendant.

. The fact that a prior execution had issued upon the plaintiff's judgment and been levied upon other land which was not sold for want of bidders, does not amount to a satisfaction of that judgment and render the subsequent execution sale of the land in dispute void.

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2  As to defendant's title. Prior to plaintiff's suit against Pierce, one Glass (January 10, 1860) commenced suit against Pierce by attachment, and levied the writ of attachment upon the undivided three-fourths of the land in controversy. Pierce was not served except by publication. Judgment was rendered upon constructive service, and the premises attached were ordered to be sold, and were sold, and the title under this sale is in the defendant. This sale is valid, and gives the defendant the prior and better title to the undivided three-fourths. After this sale, without any further service upon, or proceedings against, Pierce, the judgment creditor (Glass) caused a general execution to issue against Pierce, and this was levied upon the remaining undivided one-fourth, which was sold, and under this sale the defendant claims the title thereto. But there having been no attachment of this undivided quarter interest prior to the judgment, nor at any time, and no service upon Pierce except by publication, there was no authority to issue a general execution upon the judgment, and levy upon and sell property which had not been attached. That execution and sale were void.

But the defendant also claims title to this one-fourth in this wise: On the 12th of April, 1859, Pierce made a deed to one Ralph Marsh, which was filed for record before any of the judicial proceedings against Pierce had been commenced, and defendant claims by mesne conveyances under the deed to Marsh.

It is not denied that if this deed to Marsh conveys the same land and was duly acknowledged and recorded, that it defeats the plaintiff's title, for in such case Pierce had no interest in the land at the date of plaintiff's judgment, and execution sale.

No claim has been made in argument by the plaintiff's counsel that the deed insufficiently described the land in controversy, but he rests his case upon the proposition that the deed from Pierce to Marsh was not acknowledged and certified so as to be entitled to be recorded, and therefore the record of it was not constructive notice of its existence. There is no evidence whatever of actual notice to the plaintiff of this deed.

The deed from Pierce to Marsh was executed April 12, 1859, in the state of New York. It was acknowledged on that day before a commissioner of deeds in the city of New York, appointed by the authority of that state. A clerk of a court of record of the city or county of New York certifies under his seal that the commissioner is such officer as he represents himself to be, that he is well acquainted with his handwriting, and that his signature is genuine, as required by section 5 of the act of January 26, 1856 (Laws Neb. 2d Sess. 1856, p. 80), but he entirely omits to certify, as required by that section, "that the deed is executed and acknowledged according to the laws" of the state of New York. This is indisputably an essential requirement of the law then in force.

Another portion of the act requires this certificate to be recorded with the deed (sections 13, 14), and a subsequent section provides that deeds "shall not be deemed lawfully recorded unless they have previously been acknowledged or proved in the manner herein prescribed" (section 17). By section 16, "all deeds which are required to be recorded shall take effect and be in force from and after the time of delivering the same to the register for record, and not before, as to all creditors and subsequent purchasers in good faith, without notice; and all such deeds shall be adjudged void as to all such creditors and subsequent purchasers, without notice, whose deeds shall be first recorded."

This deed not having been certified as required by law, the objection of the plaintiff to the admission of the record thereof as evidence was well taken, and it is void as against the plaintiff, a creditor of the grantor, and a subsequent purchaser under a judgment against him. The result is that the plaintiff owns an undivided one-fourth, and the defendant an undivided three-fourths of the land in controversy, and a decree will be entered accordingly. Each party to pay his own costs. Decree as above.

As to the sufficiency of the certificate of acknowledgment: Harrington v. Fish, 10 Mich. 419; Lyon v. Kain, 36 Ill. 362; Wright v. Taylor [Case No. 18,096]; Randall v. Kreiger [Id. 11,554].

MORTON (SWANSTON v.). See Case No. 13.677.

MORTON (TAYLOR v.). See Case No. 13,-799.

MORTON (UNITED STATES v.). See Case No. 15,822.

MORTON (WOOD v.). See Case No. 17,958.

MORTON, The HAMILTON. See Case No. 5,992.