## Benjamin D. Morse v. Lauren K. Hewett.

*Practice: Order of proof.* An objection which relates to the order of proof merely will not be considered on error.

*Certificate: Construction: Technical objections.* It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances or the proof of them to be defeated by technical or unsubstantial objections.

*Certificate: Judicial notice: County clerk: Clerk of supreme court: Court of record.* In construing a certificate of authenticity of the proof or acknowledg-

28 MICH.—61.

MORSE v. HEWETT.

ment of a power of attorney, signed by a county clerk of another state, the court will take judicial cognizance for the purpose of sustaining the certificate, that the clerk of a county of a sister state whose constitution provides that the county clerk shall be also clerk of the supreme court of the county, is the clerk of such supreme court, and also that such court is a court of record.

*Certificate construed : Acknowledgment.* Such a certificate which sets forth that the person "whose name is subscribed to the certificate of the proof or acknowledgment of the annexed instrument and thereon written was at the time of taking such proof or acknowledgment a justice of the peace in and for said county, elected, sworn, and duly authorized to take the same," and certifies to the genuineness of his signature and also that "the annexed instrument is executed according to the laws of this state," is not open to the objection that it fails to show that the instrument was acknowledged according to the laws of such state ; the fair import of such a certificate is that the identical acknowledgment in question was a due or legal one in that state, and that the justice was authorized to make that very acknowledgment.

*Registry : Powers of attorney : Statute construed.* An objection to the record of a power of attorney to sell lands, that the law did not authorize such an instrument to be recorded "*among*" the records of deeds, is construed to mean that the law made no provision for the registry of powers in the books of deeds, and is held to be completely answered by the statute (*Comp. L.*, § *4238*).

*Ejectment : Judgment : Special finding : Statute construed.* A judgment in an action of ejectment between a single plaintiff and a single defendant, where the defendant had become defaulted and the cause has been tried before the court without a jury, is not invalidated for the want of a finding specifying the estate or right established on the trial by the plaintiff, as required of a jury in certain cases under the statute (*Comp. L.*, § *6281, sub. 7*); such a case is not within that provision of the statute.

*Ejectment : Special finding : Collateral objection.* Whether, in a case to which the statute applied, the want of such a special finding would expose the judgment to any collateral objection by the defendant :—*Quære?*

*Ejectment : Judgment : Description of premises : Collateral attack : Statute of amendments.* A judgment entry in an ejectment suit, that the plaintiff "do recover against the said defendant the possession of the premises aforesaid according to the description thereof contained in the said declaration," etc., though formally inaccurate in omitting to describe the premises except by reference to the declaration, is not so defective as to render the judgment invalid when attacked collaterally ; this imperfection is a mere technical irregularity, and the premises being specifically described in the declaration and title in fee claimed, the recovery is made certain by the reference to the declaration ; and this miscarriage in the entry of the judgment is obviated by the statute of amendments (*Comp. L.*, § *6051*).

*Judgment entry.* The point that such a judgment entry does not purport to decide that the plaintiff is entitled to the possession, is not well taken.

*Finding of facts : Possession : Claim of title.* A finding in an ejectment suit, simply that the defendant had lived on the premises twenty-seven years, and at all times had sufficient property thereon out of which the taxes might have been made, in the absence of any finding of a hostile possession, or of any pretense of title on the part of the defendant, is insufficient to overturn a judgment in the case for the plaintiff.

*Submitted on briefs November 5. Decided January 13.*

Error to Livingston Circuit.

*D. Shields* and *O. Hawkins,* for plaintiff in error.

*H. H. Harmon,* for defendant in error.

GRAVES, CH. J.

Hewett brought ejectment against Morse in 1871 for the northwest quarter of section twenty-one, in township four north, of range three east, being in the township of Conway, in Livingston county. The court heard the case without a jury, and gave judgment for Hewett on a special finding. A bill of exceptions was settled, and Morse has brought the cause here for review on the finding and the exceptions as settled. The parties dispensed with an oral argument, and submitted the cause on briefs.

It appears by the record that on the 16th of August, 1837, the land in dispute was patented by the United States to one George Hewlett, described in the patent as " of the city of New York." Upon this there was no controversy, and Hewett, the plaintiff in ejectment, sought in the first place to deduce title to himself from Hewlett, the patentee; and to that end he offered in evidence the record of a power of attorney to convey the premises, purporting to have been given to William A. Clark, of Howell, in the county of Livingston, by George Hewlett and Mary Hewlett, his wife, " of New Rockaway, in the county of Queens, in the state of New York," on the 26th day of November, 1855. Along with the record of the power, and offered with it, was the record of what purported to be a certificate of acknowledgment by Hewlett and wife, taken in Queens county, New York, before a justice of the peace of the county, and bearing even date with the power; and also along with the record of the power, and likewise offered with it, was the record of what is claimed to have been a certificate of authentication of the due execution and acknowledgment of the power. The record of this latter instrument was as follows:

"STATE OF NEW YORK, *county of Queens,—ss.* I, John S. Snediker, clerk of the county of Queens, do hereby certify that Henry Pearsall, Esq., whose name is subscribed to the certificate of the proof or acknowledgment of the annexed instrument, and thereon written was, at the time of taking such proof or acknowledgment, a justice of the peace in and for said county, elected, sworn, and duly authorized to take the same, and further, that I am well acquainted with the hand-writing of such justice and verily believe that the signature to the certificate of proof or acknowledgment is genuine, and also that the annexed instrument is executed according to the laws of this state.

"In testimony whereof I have hereunto set my hand and affixed the seal of the said county, the 30th day of November, 1855.

[L. S.]                    "JOHN S. SNEDIKER, *Clerk.*"

Morse objected to the admission of the record of the power and certificates on three grounds: *First,* that it was incumbent on the plaintiff to first identify the patentee with the grantor of the power; *second,* that the record of such an instrument was not receivable in evidence; and *third,* that the certificate "of the clerk," as to the execution of the instrument, was not sufficient to authorize it to be recorded. The objections were overruled, the evidence admitted, and the defendant excepted.

The defendant in error contends with much reason that the third ground of objection was too indefinite, but the views we take of the question which the objecting counsel seems to have contemplated incline us to consider it.

Were these objections well founded? The second is here wholly unimportant, and is not insisted on. If either of the other two is maintainable, then it is useless. And on the other hand, if both the first and third are unsound, the second is plainly unsustainable.

It was not a valid objection to the reception of the record of the power in evidence that special proof was not

first given to show that the actual giver of the power was the same person to whom the patent issued. The objection was aimed at the order of proof, and it assumed that previous to the introduction of the power it was incumbent on the plaintiff to furnish evidence to show that the maker of it was the patentee. Whatever question of identity there may have been, it was certainly within the discretion of the court to allow the facts relating to it to be introduced in any order not prejudicial to the defendant, and the record of the power assuredly was one of these facts, and we are unable to discover how its admission before special proof on the point of identity, could operate injuriously against the defendant. The case raises no question upon the effect due to the evidence relating to or bearing on this subject.

The next ground of objection is that the certificate of authentication by the clerk was not in compliance with our recording law, and hence did not authorize the registry of the power. First, it is said that the certificate, as shown by the register's entry, does not appear to have been made by a clerk of a court of record; and second, that it does not appear to have certified that the power was acknowledged according to the laws of New York.—*Comp. L.*, § *4212; Sess. L. 1861, p. 17,* § *3.*

We agree with the supreme court of the United States that, "it is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances or the proof of them to be defeated by technical or unsubstantial objections," and that the court will, if possible, sustain such instruments, when to do otherwise would lead to the loss of estates.—*Carpenter v. Dexter, 8 Wall., 513.* We have heretofore acted on this principle, and are fully convinced of its justice and utility.—*Shotwell v. Harrison, 22 Mich., 410; Harrington v. Fish, 10 Mich., 415; Galpin v. Abbott, 6 Mich., 17; Ives v. Kimball, 1 Mich., 308; Brown v. McCormick, supra, p. 215.* In *Anderson v. Baughman, 7 Mich., 69,* a similar view was expressed. The question there arose upon the description in a mortgage, and

the court say "that deeds and other written instruments should be so construed as to render them valid and effectual rather than void." Our legislature has favored the same policy, as is proved by the passage of several curative and saving acts.

Now as matter of fact, the clerk of Queens county is made by the constitution of New York the clerk of the supreme court. And as matter of fact, the supreme court is a court of record. In *Shotwell v. Harrison,* we took judicial notice that the supreme court of Massachusetts was a court of record, and hence, if the certificate in question had contained an express statement by Mr. Snediker who made it, that he was clerk of the supreme court, the point would have been ruled by our decision in that case, and we must have taken judicial cognizance that he was clerk of a court of record. What is lacking here, is a statement by him in his certificate of his constitutional status as clerk of the supreme court.

As the constitution fixes his condition as clerk, and in so doing makes him the recording officer and a component of the court, I think we may as well, in order to uphold a conveyance, take notice of this constitutional arrangement, an arrangement which relates to the composition of the court that it may possess the character of a court of record, as we may take notice that a named tribunal of another state is made by the laws of that state a court of record. If in connection with our recording laws we may so far take notice of the composition of the court as to ascertain that it has the dignity of a court of record, we may so far take notice of its composition as to see that by a fundamental requirement the county clerk belongs to it as its recording officer. Our law (*Comp. L.,* § *4212*), contemplates the performance of an official act in another state, and by an officer of that state, as a step in the authentication of a conveyance for record here, and it has not explicitly prescribed that he shall set forth in his certificate his own official character.

MORSE *v.* HEWETT.

As the court said in *Van Ness v. Bank of the United States, 13 Pet., 17–21,* "it is no doubt usual and proper to do so, because the statement in the certificate is *prima facie* evidence of the fact when the instrument has been received and recorded by the proper authority." But when the recorded certificate does not contain such a statement and yet upon its face purports to have been made by one endowed by the proper character by the constitution of the state to whose laws and regulations our own statute refers, it appears to me that the "soundest principles of justice and policy" demand that we should make "every reasonable intendment" to support the conveyance; and should therefore presume, in the absence of any thing leading to another view, that the author of the certificate acted rightly in making it, and in that official character he held which the very nature of the act and the occasion for it explicitly called upon him to act in. A refusal to do this in view of our regulations for authenticating deeds made in sister states; and when our established law (*Comp. L.,* § *5935*) has expressly made the printed copies of the acts and resolves of other states *prima facie* evidence of such laws and resolves in our courts, would, it is conceived, give countenance to unreasonable distinctions and unprofitable refinements.

The point that the certificate did not show that the power was acknowledged according to the laws of New York, is not deemed to be supported by the record. The clerk had the power and certificate of acknowledgment before him, and he thereupon certified to the official character of the justice who made the endorsed certificate of acknowledgment, to the genuineness of his signature, that he was *duly authorized to take that specific acknowledgment,* and that the power was executed according to the laws of New York. This certificate, as already suggested, is entitled to be favorably considered and fairly construed, and reading it as a paper expressly designed to mark that the power was well executed and acknowledged according to

New York laws, it appears difficult to argue that it fell short of its object.

It is not essential that the order of arrangement or the phraseology pursued by the statute should be followed. If the whole substance of what is required can be fairly collected from the certificate it will answer every legal purpose, and when we group the facts here certified, and view them as connected with the power and the magistrate's certificate of acknowledgment, they amount to an official declaration by the clerk that the acknowledgment complied with the law of New York.—*Jackson ex dem. Merritt v. Gumaer, 2 Cow., 552; Meriam v. Harsen, 2 Barb. C. R., 232, and cases cited; Lynch v. Livingston, 2 Seld., 422; Hunt v. Johnson, 19 N. Y., 279; Thurman v. Cameron, 24 Wend., 87; Carpenter v. Dexter, before cited; Dundas v. Hitchcock, 12 How., 256; Dennis v. Tarpenny, 20 Barb., 371.* The import of his statement is that *the* acknowledgment he was then called on to accredit was a due, that is, a *legal* one in New York; that the acknowledgment there certified was *the* acknowledgment the justice was *authorized to take;* and no acknowledgment except a legal one was *authorized.*

On turning to the finding of facts we notice that it is there stated that it was further objected to the admission of the record of the power of attorney, that the law did not authorize such an instrument to be recorded "among" the records of deeds. This objection is somewhat obscure, and if we regard it as properly presented, it would seem to insist that the law made no provision for the registry of powers in the books of deeds. At any rate, this is the idea we gather from the terms of the objection, and if we mistake its import, the fault must be ascribed to the vagueness and generality of the expression used to denote the point. As we understand the proposition, the statute affords a complete answer to the objection.—*Comp. L.,* § 4238.

The record of the power of attorney having been

admitted, the plaintiff followed it up by evidence of the record of a deed from Hewlett, by Clark, the attorney, to one Levi D. Smith, dated January 2, 1856, and the record of a deed from Levi D. Smith to the plaintiff, bearing the same date, but acknowledged in April, 1867, and recorded in September of that year.

He then proceeded to give other evidence, of which the first consisted of the records of three tax-title deeds to himself from the auditor general: one dated in 1858 for the taxes of 1856; one in 1859 for the taxes of 1857, and one for the taxes of 1858. It was objected against the admission of this evidence that it was incumbent upon the plaintiff to first show the regularity of the tax proceedings, but the objection is very properly abandoned.

Following the tax deeds he offered the files and proceedings of what he claimed to be a judgment by default recovered by him against the defendant in ejectment for the premises in question in the same court on the 6th of December, 1861. This evidence was objected to on several grounds, which are differently stated in the body of the bill of exceptions and in the finding by the court. In the bill of exceptions proper they are thus set forth:

*First*, The files and records in the case cannot legally be admitted in this case on trial as evidence of the right of the plaintiff to recover; *second*, the files and records do not show that there had been a legal service of any declaration in the former suit; *third*, that the proceedings to take said judgment, and the judgment itself upon the face of the record and pleadings, are illegal and void; *fourth*, that there is nothing to show that the copy of the declaration upon which purports to be a return of service, was ever returned by the sheriff to the clerk of the court, or was ever filed by said clerk among the files and records in said cause.

In the finding the court says that the defendant objected that the evidence was incompetent, and also that the pro-

28 MICH.—62.

ceedings in that suit and the taking of the judgment were illegal, irregular and void.

Some of these objections were too vague and indefinite to be allowed or entertained.   From them the court could not have derived any idea of the point aimed at, and they were not suited to direct the attention of the opposite party to any particular matter or defect.   The state of the litigation and of the offered proof was not such as naturally to cause objections in such form to direct the mind to any specific subject within the range of the objections.   The assumption that it did not appear that there was any legal service was contradicted by the record, and is abandoned. The fourth objection is properly given up.   The record imported that the evidence of service was endorsed on the original declaration filed with the clerk.

It is now insisted that it was essential to the validity of the judgment that the judge should have made a finding similar to that required of a jury under the seventh subdivision of § *6231 Comp. L.*   The point is without force. The case was not within that provision.   There was but one plaintiff and one defendant, and the defendant had become defaulted and had thereby, in legal view, admitted the plaintiff's claim as he had set it up.   There was no evidence or state of things on which to base a finding under the provision referred to.   There were no circumstances implying any necessity or use for one.   We have no need to consider whether the want of a special finding, if there had been a case for one, would have exposed the judgment to any collateral objections by the defendant.

It is next urged that the judgment in the first ejectment was invalid, because as is said, it did not adjudge that the plaintiff had any title in fee or otherwise, or that he was entitled to the possession.   The judgment entry was in these terms:

"Lauren K. Hewett v. Benjamin D. Morse.—Ejectment.

"In this cause the default of the defendant for want of

an appearance having been duly entered and become abso-
lute, whereby the said Lauren K. Hewett remains in this
cause undefended against the said Benjamin D. Morse:
wherefore, the said plaintiff ought to recover against the
said defendant, the possession of the premises described in
the declaration of the said plaintiff in this cause, together
with his costs and charges by him about his suit in this
behalf expended;

"Therefore, on motion of William A. Clark, attorney for
the plaintiff in this cause, it is ordered and adjudged by
the court now here, that the said plaintiff do recover against
the said defendant the possession of the premises aforesaid
according to the description thereof contained in the said
declaration, and that the said plaintiff have a writ of
possession therefor; and it is further ordered and adjudged
by the said court that the said plaintiff do recover against
the said defendant his costs and charges by him about his
suit in this behalf expended, to be taxed, and that the said
plaintiff have execution therefor."

By his declaration the plaintiff claimed the whole of the
specifically described land in fee, and in suffering default
the defendant by legal intendment admitted the validity of
this claim in so far as to make it right for the court to
give final judgment against him. The thirty-second section
of the chapter on ejectment (*Comp. L.*, § *6234*) declares
that the judgment on default, when no other provision is
made, shall be that the plaintiff recover the possession of
the premises according to the description thereof in the
declaration, with costs to be taxed. This statute applied
to the case, and it means probably that the description in
the declaration is to be followed in making up the judg-
ment, and not that the judgment may omit to describe the
premises except by reference to the declaration.

The judgment entry was not, then, formally accurate.
But the imperfection was a mere technical irregularity, and
insufficient to prejudice the judgment. The recovery was
made certain by the reference to the declaration, and the

miscarriage in the entry of judgment was cured or obviated by the statute of amendments.—*Comp. L.*, § *6051.*

The point that the judgment did not purport to decide that the plaintiff was entitled to the possession has nothing to rest on.    The record says that the court adjudged that the plaintiff should recover the possession.

This disposes of all the points entitled to notice which can be claimed to have been suggested by the objections to the admission of the proceedings in the first ejectment.

The case made by the defendant below rested on his own testimony as a witness.    He testified that he had owned the premises for thirty-two years, and had actually resided on them for twenty-seven years immediately preceding the day of trial; that he had paid all the taxes assessed against them during that time, and always had sufficient property upon them subject to seizure, out of which the taxes could have been collected if he had not paid them.

The declaration was served the 9th of September, 1871, and the trial took place on the first day of February, 1873. No exception was taken to the finding, and no point is made on it in the brief.    There is no question but that it supports the judgment.

The only matter found for the defendant is that he had lived on the premises twenty-seven years, and at all times had sufficient property upon them out of which the taxes might have been collected.    There is no finding of a hostile possession, or of any pretense of title on the part of the defendant.    We might regularly have decided the case without noticing several points to which attention has been given, but as the record was somewhat ambiguously framed, the finding of facts containing objections to the evidence varying from the body of the bill of exceptions, and containing a statement of the object for which the first eject-ment proceedings were offered, without any very precise finding in relation to that evidence, and the finding thus framed being, as the bill of exceptions states, made a part of the bill, it has been deemed admissible, though perhaps unnecessary, to examine the case pretty much at large.

According to the view taken no error is shown, and the judgment should be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.