## Stephen Munroe and another v. Galen Eastman and another.

*Deeds: Certificate of acknowledgment.* A certificate of acknowledgment, which certifies that "the signer and sealer of the subjoined deed" personally came before the acknowledging officer, and acknowledged that he executed the deed "for the purpose therein expressed," is in compliance with the statute in force here in 1837 (*2 Terr. Laws, p. 361*), which only required ' that it should "be acknowledged by the party or parties executing the same;" this certificate implies knowledge on the part of the officer that the party acknowledging was the same who executed the instrument; and there is no significance in the use of the word "subjoined," in the absence of any thing to show that the acknowledgment was not on the same sheet with the deed; and if it was, it would be immaterial where.

*Deeds: Date: Date of registry: Discrepancy: Clerical mistake.* Where a deed is dated February 20, and purports to have been acknowledged on that day, but is endorsed with a certificate of its having been recorded on the 18th of the same month, this discrepancy is not of itself a suspicious circumstance, but, in the absence of any showing, is fairly referable to clerical mistake.

*Deeds: Erasure: Presumptions: Suspicious appearance.* The writing of a word over an erasure in a deed may or may not be suspicious. The presumption commonly is, where nothing suspicious appears on the face of the deed beyond the fact that an erasure is manifest, that the alteration was made before the deed was executed. And where the circuit judge, with the deed before him, has proceeded on the assumption that such an erasure was not suspicious, a court of review will not say without inspection that he has erred.

*Deed: Certificate of due execution: County clerk: Clerk of court of record: Judicial notice:* A certificate of due execution of a deed executed in the state of New York, of the county clerk of the proper county, which omits to state that such clerk was the clerk of a court of record, is sufficient; the court will take judicial cognizance of this fact thus omitted.

*Deeds: Date: Acknowledgment.* The fact that a deed bears a date subsequent to the date of its acknowledgment is no reason for excluding it from evidence; the date is not very important, and the acknowledgment authenticates the instrument, so that the reason for the deed appearing to be dated later is unimportant.

*Prior unrecorded deed: Purchaser with notice: Priority of registry.* One who takes a deed from heirs of a deceased person with notice of a claim under a prior unrecorded deed of the same lands from his grantors' ancestor to another grantee, can acquire no priority over those claiming under such prior deed by procuring his deed to be first recorded; the fact that an examination of the registry failed to disclose the prior deed would give him no right to suppose that the claim of which he had notice was unfounded.

*Priority of registry.* But where the earlier deed is first recorded in the county where the lands in controversy are situated, it becomes immaterial that the later deed was first recorded in another county.

*Submitted on briefs January 27. Decided January 29.*

Case made from Ottawa Circuit.

*Akeley & Stewart,* for plaintiffs.

*Lowing, Cross & Angel,* for defendants.

COOLEY, J.

This was an action of ejectment for lands in the county of Ottawa. All parties claimed title through Edward H. Macy, the original patentee.

The plaintiffs gave in evidence a deed from Macy, whose residence was stated to be in Kalamazoo county, to Joseph W. Brown of Ionia, Michigan, dated February 20, 1837, and purporting to be acknowledged on that day, before Darius Winsor, a justice of the peace of Kent county, who certified that Macy, "the signer and sealer of the subjoined deed," personally came before him and acknowledged that he executed the deed "for the purpose therein expressed." Upon the deed was an endorsement showing that it was recorded in the Kent county register's office, February 18, 1837. This deed was objected to on several

grounds, some of which have nothing in the record to justify them; but the following are entitled to notice:

*First,* That the certificate of acknowledgment is insufficient; that there is nothing showing that the grantor was known to the acknowledging officer; .

*Second,* On the face of the deed it appears that the number of the section in the description is written over an erasure which is nowhere noted on the deed, and must therefore be presumed to have been made after its execution;

*Third,* The endorsement of the recording in Kent county is prior to the execution of the deed.

These objections were overruled, and we think properly. The acknowledgment was in a form not uncommon in this state, and was in compliance with the statute in force at its date, which only required that it should "be acknowledged by the party or parties executing the same."—*Laws Mich. Territory, Vol. 2, p. 361.* The justice certifies that "the signer and sealer of the subjoined deed" acknowledged it, and this implies a knowledge on his part of the facts. The New York decisions referred to on the argument were made under statutes quite different from ours. There is no significance in the use of the word "subjoined." We have not the original deed before us, but we infer from the record that the acknowledgment was somewhere on the same sheet, and it is immaterial where. The discrepancy between the date of the deed and of the record in Kent county, is not of itself a suspicious circumstance, but in the absence of any showing, is fairly referable to clerical mistake. The writing of a word over an erasure may or may not be suspicious. The judge who had the deed before him seems to have thought in this case it was not, and we cannot say without inspection that he has erred. The presumption commonly is, where nothing suspicious appears on the face of the deed beyond the fact that an erasure is manifest, that the alteration was made before the deed was executed.—*2 Cool. Bl. Com., 308., note, and cases cited.*

The plaintiffs then put in evidence a deed from Joseph W. Brown to John E. Brown, and from John E. Brown to John Bradley. This last was executed in the state of New York, in 1847, and its due execution was certified by the county clerk of the proper county, whose certificate, however, did not show that he was clerk of a court of record. It was objected to on this ground, but the objection was overruled. This point is covered by the decision in *Morse v. Hewett, 28 Mich., 481.*

The plaintiffs then offered the record of a deed from John Bradley to Theodore H. Rathbun, dated June 17, 1856, and purporting to be acknowledged June 9, 1856. Objection was taken to this because it purported to be acknowledged prior to its date. But this discrepancy was no reason for rejecting the deed. The date of a deed is not very important; the acknowledgment authenticates the instrument, and we need not speculate upon the reason for the deed appearing to be dated later.

The plaintiffs then proved conveyances to themselves, which were received, notwithstanding objections which we think require no notice. The defendants relied upon a conveyance from the heirs of Macy, the patentee, dated March 10, 1870, which was before his deed to Joseph W. Brown had been recorded in Ottawa county. To defeat this conveyance, plaintiffs gave evidence tending to show that Eastman, one of the defendants, had notice of the claim of plaintiffs before the deed from Macy's heirs was obtained, and the judge finds that such was the fact. There is nothing in the record to show when defendant Mosely's title was obtained, nor whether it was for value or not, though the inference is it was derived through the deed from the Macy heirs. Defendants insist that the notice of the plaintiffs' claim did not preclude their purchasing the land, inasmuch as at the time no deed from Macy was on record, and they had a right to suppose the claim was unfounded.

This argument is answered by *Barnard v. Campau, 29*

*Mich., 162,* where the contrary was held.    But irrespective of this, defendants could not support title as against Macy's deed, for that was actually recorded in Ottawa county, May 31, 1870, and that given by the heirs was not put upon record until the following November.    This renders it unnecessary to say any thing regarding the previous record in the county of Kent.

The judgment must be affirmed, with costs.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.