## HENRY R. HULBERT v. JOHN HAMMOND.

*Documentary evidence cannot be impeached by the party requiring its production and relying upon it—Order of proof.*

In a suit on a running account it was stipulated that the account was correct unless as to a sum not credited. On the trial defendant called for plaintiff's books of account, which the court held need not be produced until defendant had given evidence of the time when he made the payment. *Held* (*a*) that it was error, though not prejudicial, to exclude them until defendant had given his testimony; (*b*) that after putting the books in evidence defendant could not impeach their accuracy in order to raise an inference against the plaintiff's oral testimony that if the payment had been made to him it would have been credited.

Judgment will not be reversed for the order in which proof was received.

Error to St. Joseph. Submitted June 19. Decided July 2.

*Alfred Akey* for plaintiff in error. The order of proof is discretionary with the court, *People v. Saunders*, 25 Mich., 119; *Morse v. Hewett*, 28 Mich., 481; one who introduces documents belonging to his adversary as evidence for himself, cannot impeach them, *Craig v. Grant*, 6 Mich., 447.

*C. L. Fitch* for defendant in error.

COOLEY, ·J. Hulbert sued Hammond before a justice of the peace to recover an amount claimed to be due on a running account. Before the case came on for trial the parties made and signed the following stipulation:

[Title of the cause.] "In this cause it is hereby stipulated and agreed by and between the attorneys for the respective parties herein that according·to the account kept by the plaintiff there was due to the plaintiff from the defendant on the 19th day of April last, the sum of seventy-one and fifty one-hundredths dollars, and that the said account was correct unless before that time the said defendant had paid to the said plaintiff the sum of thirty dollars, which was not credited to the defendant in the said account, and which the said plaintiff claims never to have been paid."

By this stipulation the defendant conceded a *prima facie* case to the plaintiff and took upon himself the burden of proving the disputed payment. He thereupon called on the plaintiff to produce for examination the books of accounts containing the entries of accounts between the parties. The plaintiff had the books in court but objected to showing them, and the justice held he need not do so until the defendant had given evidence of the time when he made the payment in dispute. This ruling constitutes the first ground of complaint.

As the defendant had admitted that plaintiff's account showed a certain sum to be due, it is not supposable

that he expected the books to show that the disputed item had been paid. The justice appears to have assumed that defendant wanted to have a view of the books in order that he might shape his own testimony so as to avoid any inferences against his case that might arise from the credits on the books. The justice ought not to have made any such assumption, and should have permitted the defendant to put the plaintiff's books in evidence if he saw fit to trust his interests to such disclosure as they might make. But we cannot suppose defendant was injured by the ruling. The defendant was subsequently permitted to introduce the books in evidence, and had the opportunity to make such explanations as he saw fit respecting them. It was improper for the justice to postpone the admission of the books until defendant had testified, but we cannot reverse a judgment when the only complaint is that the evidence was not received in the order in which it should have been. *People v. Saunders*, 25 Mich., 119; *Morse v. Hewett*, 28 Mich., 481; *Hutchins v. Kimmell*, 31 Mich., 126.

After defendant had put the books in evidence, the plaintiff testified on his own behalf that the disputed payment had never been made to him, and that if it had been made, it would have been credited on the books. The defendant thereupon offered to impeach the plaintiff's books by showing by witnesses who had dealt with the plaintiff and settled by his books that they found their accounts, there kept, to be incorrect. The justice excluded the evidence. The ruling was correct. The defendant himself had put the books in evidence; and if they were impeached, the effect would only be to cause the rejection of some of his own proofs. The bare allusion by the plaintiff to the account did not make it a part of his case, and the object of the defendant in attacking the books obviously was not to get rid of the books themselves as untrustworthy, but by showing the unreliability of this part of his own proofs, to raise an inference against the oral testimony of the

plaintiff.   But when the books were impeached, there would be nothing in proof from which to raise any such inference.

As the circuit court reversed the judgment on these two supposed errors, the judgment of that court must be reversed with costs of this court and of the circuit court, and the judgment of the justice affirmed.

The other Justices concurred.