Kungle v. Fasnacht.

---

## J. B. KUNGLE V. JOHN FASNACHT.

1. NIGHT HERD LAW; *Insufficient Affidavit.* Where the statute prescribes that there shall be appended to a petition presented to a board of county commissioners, for the confinement of domestic animals in the night-time, an affidavit by some competent witness setting forth that the several petitioners are qualified electors of the township, and that the petitioners subscribed the same personally or by their authorized agents, naming such agents, and the affidavit appended is: "That affiant, being first duly sworn, says he presented the within petition to the legal voters of Mission township, Shawnee county, Kansas, and that each of them who signed the same are legal voters and electors, and subscribed the same personally for the purposes therein named;" *held,* the affidavit is insufficient, as it does not appear therefrom that the several petitioners were qualified electors of the township.

2. CERTIFICATES, *When Not Defeated.* It is the policy of the law to uphold certificates where substance is found, and not to suffer them to be set aside, disregarded or defeated by merely technical or unsubstantial objections; and courts will when necessary resort to the contents of the instrument to which the certificate is attached, for the purpose of upholding it.

*Error from Shawnee District Court.*

ACTION brought October 6, 1879, before a justice of the peace of Mission township, in Shawnee county, by *Fasnacht* against *Kungle,* to recover the possession of two horses. *Kungle* withheld possession of the animals, claiming the right of

possession by reason of a statutory lien under an order of the board of county commissioners of Shawnee county, made April 10, 1871, restraining the running at large of horses and other domestic animals in said township in the night-time during the entire year, in pursuance of a petition represented to have been signed by the requisite number of the qualified electors of the township.   After trial before the magistrate, the case was taken to the district court of Shawnee county on appeal, was there tried on January 11, 1882, and judgment rendered in favor of *Fasnacht;* and *Kungle* brings the case here.

*Edwin A. Austin,* for plaintiff in error.

*Day & Troutman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The rulings complained of are:

"1. In sustaining the plaintiff's objection to the admission in evidence of the original petition of the electors of Mission township, praying the board of county commissioners to make an order that certain domestic animals be confined in said township during the night-time.

"2. In sustaining the plaintiff's objection to the introduction in evidence of copies of the *Kansas State Record,* a newspaper published in said county, of dates April 19, 1871, April 26, 1871, and May 3, 1871, and the advertisements therein contained of the order of the board of county commissioners, made April 10, 1871, in pursuance of said petition.

"3. In overruling the motion of the defendant for a new trial of said cause."

The order of the board of county commissioners of Shawnee county, made April 10, 1871, that all persons owning cattle, horses and mules in Mission township, in that county, should keep them confined in the night-time during the entire year, was founded upon the provisions of §1, ch. 105, Gen. Stat. 1868, (p. 921, Comp. Laws 1879.)   Before the board of county commissioners of any county has authority to make the order for the confinement of domestic animals during the night-time under that section, a majority of the qualified

electors of the township to be affected thereby shall by petition ask the board of county commissioners of the county where such township is located, to make such an order. For the purpose of ascertaining whether the petition has been signed by a majority of the qualified voters of the township, and to establish the genuineness of the signatures to the petition, it is prescribed by § 2 of said chapter 105 as follows:

"Whenever the number of electors of the proper township, subscribing such petition or petitions, shall be at least three-fifths of the number of votes polled in such township at the last general election, such number shall be conclusive as to a majority of the qualified electors in the township; and an affidavit shall be appended to such petition, by some competent witness, setting forth that the several petitioners are qualified electors of the township, and themselves subscribed the same personally or by their authorized agents, naming such agents."

The affidavit appended to the petition sought to be introduced by the plaintiff in error (defendant below) reads:

"STATE OF KANSAS, SHAWNEE COUNTY, ss.: L. L. Andis, being first duly sworn, says he presented the within petition to the legal voters of Mission township, Shawnee county, Kansas, and that each of them who signed the same are legal voters and electors, and subscribed the same personally for the purposes herein named.

[Signed]        L. L. ANDIS.

"Subscribed and sworn to before me, this 5th day of April, 1871. Witness my hand and official seal, this day above written.        P. I. BONEBRAKE, *County Clerk.*

"By J. W. JACKSON, *Deputy.*"

The affidavit is defective in this: it does not allege that the several petitioners were qualified electors of Mission township. The affidavit states that the affiant "presented the within petition to the legal voters of Mission township, . . and that each of them who signed the same are legal voters and electors, and subscribed the same personally for the purposes herein named." All of this might be true, yet not affirmatively show that each one of the petitioners was a qualified elector of the township. The petition was therefore properly excluded as evidence.

36—29 KAS.

Section 1 of said chapter 105 provides that the board "shall also cause a certified copy [of such order of the board] thereof to be published in some newspaper published in the county, for three weeks." The plaintiff in error (defendant below) attempted to prove that the order of the board of county commissioners, made in pursuance of the petition duly certified, had been published for three weeks in the *Kansas State Record*, a weekly newspaper then published at Topeka. The certificate of publication reads:

"STATE OF KANSAS, SHAWNEE COUNTY, ss.: I, P. I. Bonebrake, county clerk in and for said county of Shawnee, do hereby certify, that the foregoing is a correct copy of the herd law as the same appears of record in my office.

"Given under my hand and official seal, 15th day of April, 1871.                    P. I. BONEBRAKE, *County Clerk*."

The objection to this certificate made before the trial judge was, that it did not certify that it was a correct copy of any order made by the board of county commissioners, and that the order was certified to be a different thing from what it really was; therefore it was contended that the copy was not certified at all. With this view we cannot concur. It is the policy of the law to uphold certificates where substance is found, and not to suffer them to be set aside, disregarded or defeated by merely technical or unsubstantial objections; and courts will, when necessary, resort to the contents of the instrument to which it is attached for the purpose of upholding a certificate. (*Carpenter v. Dexter*, 8 Wall. 513; *Morse v. Hewit*, 28 Mich. 481; *Ferguson v. Howard*, 7 Cranch, 408.) The insertion of the words "the herd law" in the certificate cannot invalidate the publication, or render the certificate void, because these words are surplusage, and may be wholly disregarded. Leaving these words out, it appears that the clerk certified "that the foregoing [thereby evidently meaning the order above recited] is a correct copy as the same appears of record in his office." Even if the certificate be read with the words "the herd law," it can scarcely be called fatally defective, because upon examination of the order re-

cited above the certificate, it appears that the persons owning domestic animals in Mission township were required to confine them in the night-time during the entire year; and in common parlance, it is not much out of place to call the statute upon which this order was founded, the "night herd law." However, as the petition upon which the order of the board of county commissioners of Shawnee county acted was properly excluded as evidence, and as the board of county commissioners had no authority to take action in the premises in the absence of a petition, the trial court committed no error in excluding the *Kansas State Record*, and in overruling the motion of the defendant for a new trial.

The judgment of the district court will be affirmed.

All the Justices concurring.