Washington, J.,
 

 delivered the opinion of the court, as follows ¡ — This was a bill filed on the equity side of the circuit court for the district of Virginia, by the appellants, in order to charge the real estate of Christopher Edrington, in the hands of his son and heir-at-law, William P. Edrington, with the payment of a debt due to the appellants , *by Christopher Edrington, the father. The appeal being taken from -* that part of the decree of the circuit court which dismissed the bill so far as it seeks to subject the real estate in the hands of Wm. P. Edrington to the payment of the-appellants’ demand, the only question now to be considered is, whether the will of Christopher Edrington can be so construed as to charge his real estate with the payment of his debts ?
 

 The clauses of the will relied upon by the appellants’ counsel for this purpose, are that which expresses the desire of the’testator that all his just debts should be paid by his executors, &c., so soon as the means in their power should permit ; also, another, which authorizes his executors to dispose of and convey any of his property that might be necessary for payment of his debts ; and a third, which is still stronger, and is expressed as follows ¡ “ Should my son, William P. Edrington, to whom I bequeath the whole of my property, after the payment of my debts and provisions above made, die under the age of twenty-one years, I then give,” &c. The testator then proceeds to make certain pecuniary bequests, in the event of his son’s so dying, and concludes by disposing of the then residue of his property.
 

 At the time that this will was made, it is admitted, that the testator was not possessed of or entitled to any estate in land, but that, afterwards, and a short time previous to his death, he purchased the tract of land which this bill seeks to' charge. By an act of the legislature of Virginia, passed in the year 1785, and long before the date of this will, it is declared, “that any person, aged twenty-one years and upwards, being of sound mind, and not a
 
 *46
 
 married woman, shall have power, at his will and pleasure, by last will and testament in writing, to devise all the estate, right, title and interest, in possession, reversion or remainder, which he hath, or, at the time of his death, shall have, of, in or to lands,” &c. The circumstance, therefore, that the land in question was acquired after the execution of the will, presents no difficulty in this case, if it appears that it was the intention of the testator to devise it to his son ; because if it passes at all under the will, it may readily be admitted, that the devisee took it subject to the payment of the testator’s debts ; the parts of the will above recited being ’--strong to impose such a charge. L
 

 But although a testator may, under the above law, dispose by will of after-puehased lands, it is nevertheless necessary that his intention to make such a disposition should cleai-ly appear upon the face of the will. The rule in England, as well as in Virginia, at the time this law was passed, was, that a will, as to land, speaks at the date of it, and as to personal estate, at the time of the testator’s death. The law created no new or different rule of construction, but merely gave a power to the testator to devise lands which he might possess, or be entitled to, at the time of his death, if it should be his pleasure to do so. The presumption is, that the testator means to confine his bequests to land to which he is then entitled ; and this presumption can only be overruled by words clearly showing a contrary intention.
 

 In this will, there are no expressions which indicate an intention to devise, or in any manner to charge, lands which the testator might afterwards acquire. It does not appear, that the testator contemplated, at the time he made his will, the purchase of any land, and the words, “ estate ” and “ property,” to be found in it, may be fully satisfied, by applying them to the personal property of which he was possessed. It is, therefore, the opinion of the court, that there is no error in the decree of the circuit court, and that the same ought to be affirmed, with costs.
 

 Judgment affirmed.