# BRADFORD *v.* MATTHEWS.

## MATTHEWS *v.* MATTHEWS.

WILLS; AFTER ACQUIRED REAL ESTATE; STATUTORY CON-
STRUCTION.

1. In order that real estate acquired by a testator after the execution of his will shall pass thereby under the provisions of the act of Congress of January 17, 1887 (24 Stat. 201), it must be made affirmatively to appear, either by the express terms or provisions of the will or by such reasonable implication from the context of the whole will as to leave no reasonable doubt that it was the intention of the testator to devise property acquired after the execution of the will.

2. The intention of a testator to devise real property acquired after the date of the execution of his will cannot be implied from a direction therein that within one year after his death all his property, real, chattel, and choses in action, shall be turned into cash, and, after the payment of several pecuniary legacies, that the remainder of his "money" be equally divided between two charitable institutions.

3. The first and great rule in the construction of wills, to which all

other rules must bend, is, that the intention of the testator, as expressed in his will, shall prevail, provided it be consistent with the rules of law.

Nos. 608 and 612.  Submitted October 7, 1896.  Decided November 17, 1896.

HEARING on appeals from a decree in a suit in equity for the construction of a will.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout* and *Mr. Montgomery Blair* for the appellants :

The single question presented on these appeals is, does it appear from the words of the will of William E. Matthews, deceased, that it was his intention to devise real estate acquired after the publication of his will?   This question must be settled from the provisions of the will itself, and cannot be determined with reference to subsequent declarations of the testator.   *McAleer* v. *Schneider*, 2 App. D. C. 467, in which case the act of Congress of January 17, 1887 (24 Stat. 366), was construed by this court.

It is generally true that when a will purports to dispose of a testator's whole estate or property, the intention is to dispose of all the estate or property of which the testator may be the owner at the time of his death, provided there is testamentary power to make such disposition.  *Hardenbergh* v. *Ray*, 151 U. S. 113; *Cushing* v. *Aylwin*, 12 Metcalf, 160; *James* v. *Pruden*, 14 Ohio State, 251; *Briggs* v. *Briggs*, 69 Iowa, 617.

No presumption of a testator's intent to die intestate as to any part of his property is allowable when the words of the will may fairly convey the whole estate.   *Given* v. *Hilton*, 95 U. S. 594.

Upon applying these principles to the construction of the will under consideration, it is apparent that the testator, who is shown by the language of the will to have been an intelligent man, and who is to be presumed to have known of the terms of the act of Congress which had been passed more

than two years before publication of the will, intended to devise all the real estate owned by him at the time of his death. This intent is especially evidenced by the disposition in terms of his whole estate, real and personal, and by his directing sale thereof within one year after his decease, thus showing that the period from which the will was intended to speak was the date of his death.

As the will operated a conversion into personalty, the will would without the aid of any statute operate upon the whole estate in the character into which it was converted. *Given* v. *Hilton,* 95 U. S. 594.

*Mr. Theo. W. Birney* and *Mr. Tracy L. Jeffords* for the appellees:

The question is not what the testator intended, but whether it appear that he intended to devise after acquired realty. *Doe* v. *Shippard,* 1 Doug. 79. The testator did not in terms dispose of all his " property, real, chattel and choses in action," nor is there anything in the language he used to show that he looked forward to the acquiring of other property, or had in his mind when he wrote the words, anything more than the property he then possessed. If the decree here appealed from be reversed, the heir is practically disinherited by construing an ambiguous clause against her. This is contrary to the policy of the law. 1 Powell on Devises, 199; *Wilkins* v. *Allen,* 18 How. 385; *Clayton* v. *Clayton,* 3 Binney (Pa.), 481; *Bradford* v. *Bradford,* 6 Whart. (Pa.) 244; *Bone* v. *Wick,* 19 Ohio, 328; *Spearing* v. *Buckland,* 6 T. R. 610; *Brown* v. *Dysinger,* 1 Rawle (Pa.), 407; *Webster* v. *Wiggin,* 31 Atl. Rep. (R. I.) 824.

The Supreme Court of the United States has, in an old case, decided this question in favor of the contention of the appellees here. *Smith et al.* v. *Edrington,* 8 Cr. 66; see also *McAleer* v. *Schneider,* 2 App. D. C. 461.

It does not appear that there was any intent to convert property the testator might afterwards acquire, and if there

was a conversion, it was only of such realty as the testator owned when he made the will, and hence the right of the heir to the land subsequently purchased, is entirely unaffected by the conversion.

Our statute changes no rules of law, but merely confers a right not theretofore possessed by a testator; if he desires to make use of this right, he must do so in plain terms; any conjecture as to his meaning will be resolved in favor of his heir, and such resolution will be assisted by the presumption of law that he intended to dispose of only what he owned when he signed his will.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The bill and cross bill filed in this case seek to obtain a judicial construction of the last will and testament of William E. Matthews, deceased. The will bears date the 12th of July, 1889, and Matthews, the testator, died on the 2d of May, 1894, and the will was admitted to probate on the 8th of March, 1895. The testator left surviving him a widow and one child, both being parties to these proceedings. By said will James T. Bradford and Howard H. Williams are made executors thereof, and are complainants in the original bill, and are two of the defendants in the cross bill. The cross bill is filed by Euretta B. Matthews, the only child and heir at law of the testator.

It appears that the testator died seized of several parcels of real estate situated in this District and elsewhere, and that a considerable portion, perhaps, the much larger portion of this real estate, situated in this District, had been acquired by the testator after the making and publication of his will. The question, and the only question, presented on these appeals, is, whether the after-acquired real estate, in this District, is operated upon by the will and passes thereby, or whether the deceased died intestate as to that part of his real estate. The daughter, the sole heir at law

of the deceased, contends that her father died intestate as to that part of his real estate, and that she takes it by inheritance as heir at law.

The executors claim the right to sell and convert the entire estate into money, including the after-acquired real estate. But the court below decreed that the after-acquired real estate did not pass by the will, and consequently, that that part of the real estate devolved upon the heirs at law, under the statute directing descents. There are two appeals taken from this decree; the first by the executors, and the second by the defendants who were interested in maintaining that the will operates upon and passes the after acquired real estate.

The clauses of the will material to the consideration of the question here presented, are quite brief. The first is that which directs "that within one year from my death, that my property, real, chattel, and choses in action, be turned into cash." And after several bequests of pecuniary legacies to different persons, including one of $5,000 to his daughter, he then declares: "The remainder of my money I direct shall be divided in two equal parts—one portion to be given to the Home for Aged Colored Women and Children, 8th St., N. W., Washington; the other portion to be given to the Home for Aged Colored People, at Baltimore, Md."

Prior to the act of Congress of January 17, 1887, relating to this District (24 Stats. 361, Ch. 25, Sec. 2), it was a well-settled principle of law that a will would transfer no land unless the testator was entitled to it at the time he executed and published his will. The old statutes of wills did not apply or authorize a testator to devise real estate before the estate was acquired. As to real estate, the will only spoke and had operation from the date of its execution, and not, as in the case of personal estate, from the death of the testator But in England, by Act 1 Vict., Ch. 26, Sec. 24, this rule has been altered, and in most, if not all, of the States of this

Union, statutes have been passed whereby testators have been allowed or given authority, by the use of proper and sufficient terms, to make the will speak and operate, as to real, as well as to personal estate, from the death of the testator.

By Section 2 of the act of Congress of 1887, Ch. 25, before referred to, it is enacted that "any will hereafter executed, devising real estate in the District of Columbia, *from which it shall appear that it was the intention of the testator to devise property acquired after the execution of the will,* shall be deemed, taken, and held to operate as a valid devise of all such property."

It has been argued for the appellants that the terms employed in the clauses of the will, to which we have referred, when construed with reference to the terms of the statute of 1887, are sufficient to indicate plainly the intention of the testator to devise as well his after-acquired real estate, as that of which he was seized at the date of the will. But to this contention we cannot agree.

It is very true, it is not necessary that there should be express terms employed in the will, in order to carry after-acquired real estate. But there must be either express terms employed, or such reasonable intendment or implication from the context of the whole will as to leave no reasonable doubt as to the intention of the testator. This is the principle of construction in such case as the present, announced by this court in the case of *McAleer* v. *Schneider*, 2 App. D. C. 467. The heir is not to be cut off or disinherited upon any doubtful construction. As said by the Supreme Court of the United States, in *Allen's Exr.* v. *Allen*, 18 How. 385, 392, quoting the language of Chief Justice Gibson, in *Bradford* v. *Bradford*, 6 Whart. 244: "The intention must be manifest, and rest on something more certain than conjecture. The court must proceed on known principles and established rules, not on loose conjectural interpretation, nor considering what a man may be imagined to do in the testator's circumstances. The principle is applicable in all its force in a case like the

present, in which the question goes to the birthright of those who, standing in the place of the common law heir, are not to be disinherited except by express devise, or, as is said in 1 Powell on Devises, 199, by implication so inevitable that an intention to the contrary cannot be supposed."

As will be observed, there is nothing in the provisions of the will referred to that would furnish the slightest intimation that the testator intended the will to operate upon after acquired real estate. The language employed is quite applicable to the real estate of the testator owned by him at the date of the will, and it is no more comprehensive than that which would or might have been used if he had intended only to devise what he then owned or possessed. There is, therefore, no reasonable ground furnished, by the context of the will, for extending its provisions to after-acquired real estate. The terms of the will are fully gratified by the property owned by the testator at the date of the will, and there is nothing that justifies the supposed implication that it was intended to have a larger operation so as to embrace future acquisition of real estate. It must be made to appear affirmatively by the terms or provisions of the will, according to the terms of the statute, that it was *the intent of the testator to devise property acquired after the execution of the will.* In this case there is nothing to indicate such intention.

The case, it would seem, is fully controlled by decisions of the Supreme Court of the United States.

In an early case, that of *Smith* v. *Edrington,* 8 Cranch, 66, coming up from Virginia, the decision is very much in point with this case. In that case the provision of the statute was " that any person aged twenty-one years and upwards, being of sound mind, etc., shall have power at his will and pleasure, by last will and testament in writing, to devise all the estate, right, title, and interest, in possession, reversion, or remainder, which he hath, or at the time of his death shall have, of, in, or to lands," etc.

The clauses of the will in that case relied upon to show an intention on the part of the testator that his after-acquired real estate should pass, were those which expressed the desire of the testator that all his just debts should be paid by his executors, etc., as soon as the means in their power would permit; also that which authorized his executors to dispose of, and convey, any of his property that might be necessary for payment of his debts; and, further, that which was expressed as follows: "Should my son, Wm. P. Edrington, to whom I bequeath the whole of my property, after the payment of my debts and provisions above made, die under the age of twenty-one years, I then give," etc. The testator then proceeded to make certain pecuniary bequests in the event of his son's so dying, and concluded by disposing of the then residue of his property. It was conceded that at the time the will was made, the testator was not possessed of or entitled to any estate in land, but that afterwards, and a short time prior to his death, he purchased the real estate involved in that case.

The Supreme Court in that case held, that, on the terms of the statute, it was necessary, in order that lands acquired after the date of the will might pass thereby, that the intention of the testator should clearly appear upon the face of the will. And Mr. Justice Washington, who delivered the opinion of the court, said: "Although a testator may, under the above law, dispose by will of after-purchased lands, it is nevertheless necessary that his intention to make such disposition should clearly appear upon the face of the will. The rule in England, as well as in Virginia, at the time this law was passed, was, that a will, as to lands, speaks at the date of it, and, as to personal estate, at the time of the testator's death. The law created no new or different rule of construction, but merely gave a power to the testator to devise lands which he might possess or be entitled to at the time of his death, if it should be his pleasure to do so. The

presumption is, that the testator means to confine his bequests to land to which he is then entitled; and this presumption can only be overruled by words clearly showing a contrary intention.

"In this will there are no expressions which indicate an intention to devise, or in any manner to charge lands which the testator might afterwards acquire. It does not appear that the testator contemplated, at the time he made his will, the purchase of any land, and the words 'estate' and 'property,' to be found in it, may be fully satisfied by applying them to the personal property of which he was possessed."

In a subsequent case, that of *Carroll* v. *Carroll's Lessee*, 16 How. 275, the principle of the case of *Smith* v. *Edrington* was explicitly reaffirmed. In this case of *Carroll* v. *Carroll*, in a learned and able opinion by Mr. Justice Curtis, in passing upon a statute of Maryland, of 1850, declaring the effect of wills as to after-acquired real estate, he said, speaking for the entire court: "It simply enables testators to devise after-acquired lands *by plainly and manifestly declaring an intention to do so*. The law could only operate in furtherance of the intention of the testator, and could never defeat that intention by applying to wills an arbitrary rule of construction."

No arbitrary rule of construction, such as would contravene and defeat the intention of the testator, could be prescribed by law; the general law being that the intention of the testator, as expressed in his will, must be allowed effect, except when such intention contravenes some established principle of law. The legislature has no power to make a will for the testator, by implication or otherwise, in the absence of a plain intention on the part of the testator. The power of making a will is a substantive right that cannot be controlled by any mere arbitrary rules of construction; and the first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, as expressed in his will, shall prevail, provided it be consistent with the rules of law. *Smith* v. *Bell*, 6 Pet. 75.

In this case, we find nothing in the terms or context of the will that justifies the conclusion that the after-acquired real estate of the deceased was intended to be operated upon and to pass by the will; and we must therefore affirm so much of the decree as has been appealed from ; and it is so ordered.

*Decree affirmed on both appeals as to the after-acquired real estate.*