HARVEY S. BEDELL v. EDGAR A. FRADENBURGH and Others.[1]

June 30, 1896.

Nos. 10,016—(209).

Construction of Will—After-Acquired Property.

A certain will construed. *Held*, it did not dispose of a certain parcel of real estate acquired by the testatrix after the making of the will, and that as to such real estate she died intestate.

Appeal by plaintiff, as executor and trustee of the will of Carrie R. Fradenburgh, deceased, from a judgment of the district court for Ramsey county, entered in pursuance of the order of Otis, J. Affirmed.

[1] Reported in 68 N. W. 41.

*Flandrau, Squires & Cutcheon*, for appellant.

*John V. L. Dodd*, for respondent Edgar A. Fradenburgh.

CANTY, J. This is an action brought by the executor for the purpose of obtaining a judicial construction of the will of his testatrix. The will was made on April 27, 1893. Thereafter, on October 23 of the same year, the testatrix purchased and had conveyed to her a city lot in St. Paul, in this state. Thereafter, in April, 1894, she died. The question is whether this lot is disposed of by the will, or whether, as to such lot, she died intestate. The facts are all set out in the pleadings, and the court below held that she died intestate as to the lot. We are of the same opinion. G. S. 1894, § 4425, provides:

"All property acquired by the testator after making his will shall pass thereby in like manner as if possessed at the time of making the will, if it appears by the will that such was his intention."

We can discover no intention in the will in question to dispose of this lot. The will makes no special reference to after-acquired property at all, and there is in it no general or specific clause under which the lot would pass, even if she held and owned it at the time she made the will. The testatrix never had any children. She left surviving her, her husband, the defendant Fradenburgh, and her sister, the defendant Rose.

The first subdivision of the will provides as follows: "First. In case I die leaving no child or children, I give to my husband" certain household furniture and certain real estate in Rome, N. Y., all of which is fully described. By the second clause she bequeaths certain personal property to her sister. The third clause provides as follows: "Third. In case I die leaving no child or children, I give, devise, and bequeath to my executor hereinafter named, in trust, all my personal property and estate not hereinabove disposed of, and all my real estate and property, and interest in real estate and property, of whatever kind soever, situate and being in Toledo, Ohio, for the purpose of paying my debts, and of dividing, distributing, and settling my estate as hereinafter directed and provided." It then proceeds to provide for the holding by the executor of said property in trust for minor matters not material here, and also in trust for the defendant Rose during her lifetime, and remainder to her issue, but, if she leave none, then two-thirds of the same to some other parties, and one-third

to the defendant Fradenburgh if he be then living, and, if not, then to such other parties. The fourth clause provides as follows: "Fourth. In case I die leaving a child or children, then and in that case I direct my executor and trustee hereinafter named to sell, dispose of, and convert into money all property which I have by the first item of this will given to my husband, and to use, apply and pay over all the interest and income, rents, issues, and property of all my estate, both real and personal, for the support, education, and maintenance of my said child or children." It further provides that when such children shall each arrive at the age of 21 years, "he or she shall receive his or her portion of my said estate, which estate is to be equally divided between such children." But if she leave no children, or if they all die before arriving at the age of 21 years, it further provides: "All my estate which shall remain at the death of" the last of such children shall be "distributed as provided in and according to the terms and provisions of the first, second, and third items or clauses of my said will." These are all of the provisions of the will material here.

It is contended by appellant that, construing all of the clauses of the will together, they show an intention on the part of the testator to dispose of all the property which she would have at the time of her death. In our opinion, we are not at liberty thus to construe together all of the clauses of the will. The testatrix never had any children, so the fourth clause never took effect at all. And if it had taken effect, it would evidently have revoked the other three clauses. But even if we could construe all of the clauses together, it would not accomplish the result contended for by appellant. While the fourth clause of the will uses the terms, "all my estate, both real and personal," and "all my estate which shall remain at the death of" my children, the third clause uses no such broad language with reference to the real estate. It uses the language, "all my personal property and estate," which does not cover any real estate at all, and the language, "all my real estate and property and interest in real estate and property of whatever kind soever, situate and being in Toledo, Ohio." The property here in question is not in Toledo, Ohio, and therefore is not disposed of by this language. There is no other language in the will which has disposed of this lot, and we cannot make a new will for the testatrix.

Judgment affirmed.