EDWARD D. SPEAR ET AL *vs*. MARY C. STANLEY ET AL.

Knox.　　Opinion March 22, 1930.

*Frank H. Ingraham*, for plaintiffs.
*Archie K. Coombs, pro se,*
*Nellie Roswell Coombs, pro se,*
*Everett Walls, pro se,*
*Alan L. Bird,*
*Edward C. Payson,*
*Gilford B. Butler,*
*Frank B. Miller,*
*C. S. Roberts,*
*Jacob H. Berman,*
*George R. Fuller,*
*Harry R. Coolidge,* for other defendants.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

FARRINGTON, J. The case comes up on report which includes an agreed statement of facts, the bill in equity asking for construction of the will in question, answers, replication, docket entries, oral evidence and exhibits.

Charles S. Coombs, the testator, on September 11, 1909, made a will in which it was provided that the sum of Six Hundred Dollars ($600.00) should be expended in a certain designated manner on the family burial lot; that certain books should be given to the Thomaston Public Library; that the house and lot where testator resided and the furniture and chattels therein should be sold by his executors and trustees and that the proceeds of such sales, to-

gether with the rest of his personal property, should be distributed in specific amounts as provided, and the remaining portion of his personal property was to go to Julia S. Spear if living. Julia S. Spear owed certain sums of money to the testator, who provided that, if she died before he did and if the result of collecting what was due from her estate should increase the residuary portion of his personal estate to an amount in excess of the specific bequests, that excess should go to Edward D. Spear and Mary C. Stanley, to the latter of whom he had specifically bequeathed the sum of Two Thousand Dollars ($2,000.00).

It will be noted that full and complete provision is made for all personal property belonging to the testator at his decease.

The fourth item of the will which contains the real issue in the case and on which parties have asked for a construction by the court, is as follows:

"Fourth — Of that portion of my Estate consisting of my undivided interest in the Spofford Block so called, at the corner of Main and School Streets in Rockland; it is my will that the same shall remain held in trust by my Executors hereinafter to be appointed, and the income thereof applied if it should be so needed to carry out the duties and fulfill the bequests herein made; which when done. I hereby give, bequeath and devise unto my cousin Charles S. Crockett one undivided one-third *of such interest held by me in said Spofford Block* to be his and his heirs forever; and to my cousin Julia S. Spear should she outlive me, as long as she lives, the income of *one-third of my said interest in said* Spofford Block; and to my cousin Julia A. Conway and Mary C. Stanley to be equally divided between them as long as either of them shall live, the income of the *remaining one-third of my interest in said Block.* The *above stated two-thirds of my interest* in said Spofford Block, subject to the bequest therein stated, I hereby give, bequeath and devise to Edward D. Spear to be his and his heirs forever. I have not forgotten to mention the names of any of my other relatives deeming this disposition of my Estate the best for all concerned."*

* The italics are the Court's.

When this will was made the testator owned only the undivided two-thirds interest in the Spofford Block. On May 22, 1911, Julia S. Spear, mentioned by the testator in the provisions of the will as to his personal estate, as "interested with me as owner of real estate," conveyed to the testator the other undivided one-third interest in consideration of his agreement to discharge certain notes which he held against her and also to pay certain of her personal obligations to others, and, further, to pay certain charges on the property provided in her Aunt Sophia Spofford's will under which she acquired title.

The testator died September 20, 1913, at that time owning the entire block, but his will of September 11, 1909, remained as then written. There had been no new will, and no codicil had been added to the original will.

Both Julia S. Spear and Julia A. Conway died before there was any net income to be distributed and Mary C. Stanley, until her death, received one-half of the fractional payment of income which under the will was to go to her and Julia A. Conway together.

The bill in equity was filed on March 14, 1929, and on April 16, 1929, Mary C. Stanley died and the trust was thereby terminated, the other beneficiaries having previously deceased.

The bill in equity, which includes many questions which under the situation existing at Mary C. Stanley's death need not be answered by this court, is primarily a prayer for construction of the will of Charles S. Coombs on the point as to whether or not the undivided one-third interest acquired after the will was made passed under the will and under the same provisions disposing of the other undivided two-thirds.

At common law a testator could devise only such lands as he owned when his will was executed, and any after-acquired real estate could not pass by will unless, after its acquisition, there was a republication of the will. Statutes have generally made possible the passing of subsequently acquired real estate, and, as would be expected, there is some difference in the language employed. Some statutes provide that the after-acquired real estate shall pass, "If such shall clearly and manifestly appear by the will to have been the intention of the testator." Others provide it shall pass "unless

the contrary intention manifestly appears by the will to have been the intention of the testator." Into these two classes, with the varying words qualifying the word "appear," most of the statutory provisions fall.

The Revised Statutes of Maine, Chap. 79, Sec. 5, provide as follows: "Real estate owned by the testator, the title to which was acquired after the will was executed, will pass by it, *when* such appears to have been his intention."

In the instant case, as in all cases under our statute, the question involved becomes one of construction, and the intent of the testator must be sought.

The will under consideration in the present case makes no reference whatever to after-acquired real estate. There is no general residuary clause which, under the weight of authority, would have included the one undivided third interest. Definite provision was made for any possible residue of personal estate, and particular provision was made for all other real estate of the testator. Clear and detailed disposition is expressed as to the two-thirds undivided interest in the Spofford Block. There is nothing in the will itself, or outside the will, as disclosed in the record which is before the court, to indicate any intention on the part of the testator to dispose of any property not specifically included in the will itself. We can see no clause or language in the will by which the undivided one-third interest in the block could pass, or was intended to pass, under the will.

While it may be said that there is a presumption that when one has made his will he did not intend to die intestate as to any part of his property, this is merely a presumption, and such a presumption against partial intestacy neither requires nor authorizes the court to make for the testator a new will or to include in the will made by him property not comprehended in its térms, nor can it justify the court in this case to include the interest in the Spofford Block acquired by the testator subsequently to the date of his will unless "such appears to have been his intention." *Blaisdell* v. *Hight*, 69 Me., 306; *Torrey* v. *Peabody*, 97 Me., 104; *Wright* v. *Master*, 81 Ohio, State, 304, 135 A. S. R., 790 and note; *Smith et als* v. *Edrington*, 8 Cranch, 66, 3 U. S., 27; *Flynn* v. *Holman*, 119

Iowa, 731, 94 N. W., 447; *Bedell* v. *Fradenbrugh et al*, 65 Minn., 361, 68 N. W., 41.

In the case of *Young* v. *Quimby*, 98 Me., 167, the testator, when he made his will, owned fifteen acres of land on the east side of "Bennoch road." To his wife he devised the eastern five acres for life and to his son the "residue" of his land on the east side of "Bennoch Road." The will contained no residuary clause and made no provision as to the disposition of the five acres after the death of his wife and it was held that on her death it became intestate property. Referring to the contention that the intention of the testator under "residue" was to give the five acres to the son after his mother's death, Emery, J. said, "If he did really so intend he has not made it sufficiently apparent. It may be, and indeed it seems probable, that he had no intention at all in the matter, that he did not think of it. If that be so, the statute of descents and not the Court must supply the omission."

This statement may well be applied to the present case. There is nothing in the record to indicate that, after acquiring the undivided one-third from Julia S. Spear, the testator was advised that his will as then written covered the entire interest in the block; but even if he had been so advised, he took his chance in failing to make a new will, or a codicil, to cover the after-acquired interest.

A will is to be construed as of the date of its execution, even though it does not become operative until the death of the maker. *Cook* v. *Stevens*, 125 Me., 380; *Torrey* v. *Peabody*, supra.

The question as to a possible devise by implication has been raised. The facts and circumstances, however, upon which such a devise might have been based are entirely lacking in the case. There is no expression in the will from which any such intention could be inferred and a gift by implication must be founded on some such expression. *Nickerson* v. *Bowly*, 8 Metc., 424.

We have examined with care cases cited by counsel and after careful consideration of those cases and after the closest scrutiny of the will and the entire record in the case, we unhesitatingly conclude that it was not the intention of the testator to include in his will the undivided one-third interest in the Spofford Block acquired by him from Julia S. Spear, and that under the statute of

descents it passed at his death to his heirs at law as intestate property, free from any trust — and the Court so finds.

Having thus found and determined and the trust having been terminated by the death of Mary C. Stanley, it becomes unnecessary for this Court to further answer the items of the plaintiff's prayer in the bill, designated "first" to "fourteenth" inclusive. Determination of questions involved in the items referred to, as far as they relate to the administration of the estate of the testator, must be made, in the first instance at least, by the Probate Court of Knox County; and as to the other questions not directly connected with the administration of the estate, it is not necessary to give answer.

*Decree in accordance with the opinion.*