Daphine Whitton WINKLER et vir,
Appellants,

v.

Hazel Whitton PITRE, Individually and as
Independent Executrix et al., Appellees.

No. 14542.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 30, 1966.

Rehearing Denied Jan. 25, 1967.

Cox, Smith & Smith, San Antonio, Smith, Hall & Huffman, Ernest F. Smith, Marshall, for appellants.

Jack F. Ridgeway, Eugene P. Toscana, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County by Hazel Whitton Pitre as Independent Executrix of the Estate of Lela Whitton Hegarty, Deceased, seeking a judicial construction of the last will and testament of Lela Whitton Hegarty. Plaintiff's original petition named as defendants Robert Benjamin Whitton, Eugene Alfred Whitton, Kerry King Whitton, Daphine Whitton Winkler and her husband, William Winkler, Sarah Anne Whitton Ravey and her husband, Hubert Ravey, Martha Whitton Martin and her husband, Sam Martin, Edward N. Whitton, Gloria Jane Whitton Drummond and her husband, Robert V. Drummond, Sally Whitton Orr and her husband, William F. Orr, and Hazel Whitton Pitre, individually, and her husband, John H. Pitre. Prior to the trial an order was entered realigning the parties so that Hazel Whitton Pitre, individually and as independent executrix, and all of the original defendants, except Daphine Whitton Winkler and her husband, William Winkler, were made plaintiffs, and are appellees herein, and Daphine Whitton Winkler and her husband were made defendants and are appellants here. The case was tried before the court without a jury and judgment was rendered construing the last

will and testament of Lela Whitton Hegarty, deceased, and appellants have prosecuted their appeal to this Court.

This appeal attacks the construction, by the trial court, of the First, Fifth, Sixth and Seventh paragraphs of the will of Lela Whitton Hegarty, deceased, and the remainder of the trial court's judgment is not attacked in any way by appellants. Appellees present one cross-point relating to paragraph "Third" of the will. Lela Whitton Hegarty made her will on September 7, 1961, plainly making disposition of her half of the community estate of herself and husband. After making this will, her husband, Sam Hegarty, died on April 15, 1964, pre-deceasing his wife by some eight months. He left all of his property to his wife, and the real question here involved is whether or not Lela Whitton Hegarty intended by her will to dispose of the property she thereafter acquired from her husband, Sam Hegarty. The four paragraphs of the will to be here construed read as follows:

"*First*: I give and bequeath to my husband, Sam Hegarty, during his lifetime the income from all community real estate, such as crops, rent, sale of timber, coal, sand, gravel, oil, gas, or any kind of minerals and leases; the interest from our joint savings accounts in the Alamo National Bank Savings Department, Farm and Home Savings and Loan Assn., First Federal Savings and Loan Association, Guaranty Federal Savings and Loan Association, San Antonio Savings and Loan Association, Texas Savings and Loan Association, Travis Savings and Loan Association, shares in Texas Reserve Life Insurance Company, and my shares in the Alamo National Bank which are located in San Antonio, Texas. My shares in the above mentioned companies are not to be withdrawn, only the interest or dividends can be used.

Location of Community Property

Duplex—114 W. Highland Blvd.—City Block 3128—East ⅓ of Abstract Lots 80–81–82–83 and 84.

Four unit apartment house 317 Montana Street—City Block 603—Abstract Lot 18 —Block Certificate 7.

Three houses on 5 Acres—Burton and Danforth Survey—Southwest ½ of lots 2 and 3—Southeast ¼ track 4 and 5—Block R in San Patricio County near Aransas Pass, Texas.

Ranch—565.9 acres in Caldwell County— located on H. and T. C. Railroad Sur. Abstract Lots 153–154 (about 5 miles from Luling).

At the death of my husband, Sam Hegarty, my half of the community property, savings accounts, bank shares, and shares in Texas Reserve Life Insurance Company shall be given to my brothers W. L. Whitton's heirs, Mrs. Sarah Anne Whitton Ravey; Mrs. Martha Whitton Martin; Edward O. Whitton's heirs, Edward N. Whitton and Gloria Jane Whitton Drummond; Robert Benjamin Whitton or his heirs; Eugene Alfred Whitton or his heirs; and to my sisters Mrs. Sally Whitton Orr; and Mrs. John W. Pitre (Hazel Whitton Pitre).

\*     \*     \*     \*     \*     \*

"*Fifth*: I give and bequeath to my sister, Hazel Whitton Pitre, my half of our home 332 W. Craig Place—San Antonio, Texas—City Block 1863—East 25 ft. of lot 3—West 40 ft. of lot 4; my furniture, rugs, library pictures, silver ware, china, cut glass, crystal, table linen, clothing and jewelry. It is my request that my husband, Sam Hegarty, will his half of our home to Hazel Whitton Pitre at his death.

"*Sixth*: I give and bequeath my half of the Attoyac farm in Nacogdoches County 98.5 acres on J. I. Y'Barbo Survey Abtract No. 60 to my brother, Robert Benjamin Whitton or his son, Kerry King Whitton. It is my request that my husband, Sam Hegarty, will or deed his half of the property to my brother who owns the adjoining farm.

"*Seventh:* I give and bequeath to Eugene Alfred Whitton my half of 51 acres in San Augustine County—A. Y'Barbo Survey—Abstract No. 327. It is my request that my husband, Sam Hegarty, will or deed his half of this timber land to my brother who owns half of the tract."

The testatrix, Lela Whitton Hegarty, in each paragraph making special bequests to her relatives, used the expression "*My half.*" The will does not contain a residuary clause and some of her property was not disposed of by her will.

In the first paragraph of her will, testatrix gave the income from certain properties to her husband, and provided that at his death certain of her property should pass to specifically named heirs. By the fifth paragraph she gave to her sister, Hazel Whitton Pitre, "my half of our home 332 W. Craig Place—San Antonio, Texas— * * *; my furniture, rugs, library pictures, silver ware, china, cut glass, crystal, table linen, clothing and jewelry." She then added: "It is my request that my husband, Sam Hegarty, will his half of our home to Hazel Whitton Pitre at his death." All of the personal property in the home was awarded by agreement to Mrs. Pitre. In the sixth paragraph of her will, testatrix gave her half of 98.5 acres of land located in Nacogdoches County to her brother, Robert Benjamin Whitton or his son, and added the following sentence: "It is my request that my husband, Sam Hegarty, will or deed his half of the property to my brother who owns the adjoining farm." By the seventh paragraph of the will she bequeathed to Eugene Alfred Whitton "my half of 51 acres in San Augustine County," and then added the following sentence: "It is my request that my husband, Sam Hegarty, will or deed his half of this timber land to my brother who owns half of the tract."

■ Testatrix's husband, Sam Hegarty predeceased her by some eight months, during which period testatrix did not make a new will, nor did she add a codicil to the will she had already written. It is clear from the language used and from all the circumstances surrounding the execution of the will, that testatrix did not intend to dispose of that part of the community estate which belonged to her husband, with the exception it is stipulated that Hazel Whitton Pitre was to have all of the personal property contained in the home at 332 W. Craig Place. In each instance testatrix used the expression "My half." She did not own the other half and there is nothing to indicate that she intended to dispose of any property other than that which she owned. As a matter of fact, she expressed the desire that her husband at his death will the other half of their property to the same persons to whom she had given her half, which clearly indicates that she did not intend by her will to accomplish that purpose.

It is clear that she expressed the desire that after the death of herself and her husband that the parties to whom she had willed her half of the property would become the owners of the other half, but she expected to accomplish this by her husband making a will giving his half of the property to the same persons to whom she had given her half.

■ The law presumes that no person will attempt a testamentary disposition of the property of others. Ottenhouse v. Paysinger, Tex.Civ.App., 244 S.W.2d 714; Ford v. Bachman, Tex.Civ.App., 203 S.W. 2d 630; Avery v. Johnson, 108 Tex. 294, 192 S.W. 542.

■ It is a fundamental rule of will construction that testator's intent is determined as of the time the will is executed. Murphy v. Honeycutt, Tex.Civ.App., 199 S.W.2d 298. We must here determine what testatrix meant by what she actually said, and not by what she should have said. Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885 (1960); 96 C.J.S. Wills § 755. A will is construed as of the date of its execution even though it does not become

operative until the death of the maker. Spear v. Stanley, 129 Me. 55, 149 A. 603, 75 A.L.R. 470; Rogers v. Carter, Tex.Civ. App., 385 S.W.2d 563.

Appellees' cross-point of error No. 1 is as follows:

"The trial court erred in construing paragraph Third of the Last Will and Testament of Lela Whitton Hegarty, Deceased, so as to exclude from the property in San Augustine County, Texas, devised to Eugene Alfred Whitton, the property in such county inherited by German Whitton from the Mary E. Whitton, the W. N. Whitton and the Valen Whitton Estates, which property was subsequently purchased from German Whitton's heirs by Lela Whitton Hegarty."

Paragraph *Third* of the will is as follows:

"I give and bequeath to Eugene Alfred Whitton all the property in San Augustine County that I inherited from the Mary E. and W. N. Whitton Estate and the property I inherited from Valen Whitton's estate. (See the inventory.)"

The trial court's finding and decree as to paragraph Third of the will is as follows:

"The Court finds, and it is accordingly CONSIDERED, ORDERED, ADJUDGED AND DECREED that it was the intention of Lela Whitton Hegarty in the Third paragraph of her Will dated September 7, 1961, that the title to all of the property in San Augustine County, Texas, inherited by Lela Whitton Hegarty from the Mary E. Whitton, W. N. Whitton and the Valen Whitton estates, should vest in, and it is ORDERED, ADJUDGED AND DECREED that the title to all of the property in San Augustine County, Texas, inherited by Lela Whitton Hegarty from the Mary E. Whitton, W. N. Whitton and Valen Whitton estates, shall vest in Eugene Alfred Whitton."

■ We agree with this construction of the Third paragraph of the will, and the trial court was correct in not including in this bequest other property owned by testatrix in San Augustine County, Texas. Appellees' cross-point is overruled.

Accordingly, the judgment of the trial court will be reformed so as to construe paragraphs First, Fifth, Sixth and Seventh of the last will and testament of Lela Whitton Hegarty as vesting title to a half interest in the real and personal property described in those paragraphs in the legatees and devisees named therein, and further, we find and decree that the remaining one-half interest of the community property becomes a part of the residuary estate of Lela Whitton Hegarty which passes to her heirs at law in accordance with the laws of descent and distribution of the State of Texas (with the exception above stated). In other respects the judgment of the trial court is affirmed.